UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DANTE BENJAMIN HAYWARD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV423-156 ) |
| JUDGE F. GATES PEED, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* Plaintiff Dante Benjamin Hayward has filed a Complaint seeking a writ of mandamus requiring a Georgia state court "to provide a hearing on Plaintiff's (1) Motion to Suppress, (2) Motion to Disqualify and/or Recusal of Judge, (3) [a]long with Motion for New Trial." Doc. 1 at 13-14. The Court granted his request to proceed *in forma pauperis*, doc. 4, and he has returned the required forms, docs. 5 & 6. The Court, therefore, proceeds to screen his Complaint. For the reasons explained below, it should be **DISMISSED**. Doc. 1.

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). In conducting the review, the Court must identify all

"cognizable claims" and dismiss the complaint, or any portion thereof, that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

It is well-established that "[f]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lamar v. 118th Judicial Dist. Ct. of Tx.*, 440 F.2d 383, 384 (5th Cir. 1971);[1] *see also Campbell v. Gersten*, 394 F. App'x 654, 654 (11th

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Cir. 2010) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate [plaintiff's] motions . . . and consider those motions on the merits."); *Smith v. West*, 2013 WL 596321, at *2 (S.D. Ga. Jan. 24, 2013) (explaining that a federal court cannot compel a state court judge to "take or refrain from any particular action" in an ongoing state court proceeding). The federal statute regarding writs of mandamus, 28 U.S.C. § 1361, provides the extraordinary remedy of mandamus relief against only federal officers, employees, or agencies. *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003). Since the only relief that Hayward seeks is relief that this Court cannot provide, he fails to state a claim. Accordingly, Hayward's Complaint seeking a Writ of Mandamus should be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; *see also, e.g., Smith v. White*, 2022 WL 16543263, at *1 (S.D. Ga. Oct. 28, 2022) (recommending dismissal of petition for writ of mandamus against state officers); *Tyner v. Turner*, 2022 WL 363876, at *1 (S.D. Ga. Feb. 7, 2022) (dismissing complaint seeking mandamus against a Georgia state court judge).

Finally, the Court must assess Hayward's filing fee. Plaintiff's prisoner trust fund account statement reflects no average monthly deposits or balance. Doc. 6 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next

institution in accordance with the terms of the payment directive portion of this Order.[2]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[2] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>6th</u> day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA